NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO CHICAS-NAVARRETE,<br><br>         Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>         Respondent. | No.   21-70827<br><br>Agency No. A215-859-383<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Pedro Chicas-Navarrete, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Because the BIA adopted and affirmed the IJ's decision under *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), "we review the IJ's order as if it were the BIA's." *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We review "denials of asylum, withholding of removal, and CAT relief for 'substantial evidence.'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (quoting *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010)). "In order to reverse the BIA, we must determine 'that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." *Id.* (alteration in original) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)).

1. The IJ found that Chicas-Navarrete was "statutorily barred from asylum" because his asylum application arrived well after the one-year deadline and neither extraordinary circumstances nor changed circumstances justified the late filing. *See* 8 U.S.C. § 1158(a)(2)(B), (D). In this court, Chicas-Navarrete argues that he established a change of circumstances in El Salvador with country condition reports showing that violence, trafficking, and corruption have "worsened" since his departure in 2009.

Substantial evidence supports the IJ's finding that Chicas-Navarrete failed to show "changed circumstances that materially affect his eligibility for asylum." The

cited country reports only suggest that drugs and corruption "remain[]" significant problems for El Salvador, not that the situation has grown "exponentially worse" as Chicas-Navarrete contends. Moreover, as the IJ noted, Chicas-Navarrete was concerned about these problems even "prior to his departure from El Salvador." At most, Chicas-Navarrete's cited evidence appears to be "[n]ew evidence confirming what [he] already knew," which "does not constitute changed circumstances." *See Budiono v. Lynch*, 837 F.3d 1042, 1047 (9th Cir. 2016).

2. The IJ also found, in the alternative, that the asylum claim failed because Chicas-Navarrete did not "meet his burden to demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground." *See Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022).

Substantial evidence supports the IJ's conclusion that Chicas-Navarrete had not experienced past persecution on account of a protected ground. As the IJ noted, Chicas-Navarrete "was threatened by gang members on two occasions in El Salvador" but he "was never physically harmed." "[T]hreats alone compel a finding of past persecution" in only an "'extreme' case." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (quoting *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019)). Though unfortunate, the small number of unfulfilled threats is not "so overwhelming so as to necessarily constitute persecution." *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995). Moreover, Chicas-Navarrete points to no

3

compelling evidence that these threats were made "on account of" his nationality or any other protected ground, as is required to establish "eligibility for asylum." *See Wakkary v. Holder*, 558 F.3d 1049, 1052 (9th Cir. 2009).

Substantial evidence also supports the IJ's conclusion about the lack of a well-founded fear of future persecution. Chicas-Navarrete's fear of future persecution is based on the threats made against him in the past. An asylum applicant who has established "past persecution shall also be presumed to have a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1). But since those incidents do not qualify as past persecution, they do not establish an "objectively reasonable" fear of "future persecution." *See Tamang v. Holder*, 598 F.3d 1083, 1094–95 (9th Cir. 2010) (holding that experiences of vague threats were insufficient to render a petitioner's fear of future persecution objectively reasonable).

Nor does Chicas-Navarrete provide evidence or argument that compels us to conclude—contrary to the IJ's findings—that he could not safely relocate within El Salvador or that the Salvadoran government is unwilling or unable to protect him. *See* 8 C.F.R. § 1208.13(b)(3)(i) (in the absence of past persecution, applicant must show relocation would be unreasonable); *Flores Molina v. Garland*, 37 F.4th 626, 633 (9th Cir. 2022) (asylum applicant must show persecution committed by government or by forces that government was unable or unwilling to control).

3. The IJ further concluded that Chicas-Navarrete was ineligible for

4

withholding of removal.  Because Chicas-Navarrete did not meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

4.  Finally, the IJ denied Chicas-Navarrete CAT protection.  Though the petition briefly states that the IJ erred in doing so, it offers no supporting argument or authority and thus waives that claim.  *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).  And even absent waiver, we discern no evidence in the record compelling the conclusion that Chicas-Navarrete, in particular, is more likely than not to be tortured in El Salvador.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

5.  The temporary stay of removal remains in place until issuance of the mandate.  The motions for stay of removal (Dkt. Nos. 1, 5) are otherwise denied as moot.

**PETITION DENIED.**